JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Angel May Rider

**DEFENDANTS**
Jersey City Transfer, Inc.
Paul DePass

**(b)** County of Residence of First Listed Plaintiff: Cecil County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Burlington County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Igwe Firm - Emeka Igwe, Esq.
1500 JFK Blvd., Suite 1900
Philadelphia PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Pursuant to 28 U.S.C. § 1332 parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Brief description of cause:
Motor vehicle collision at which time Plaintiff was struck by Defendant.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$50,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/6/19
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **ANGEL MAY RIDER**<br>204 CONCORD DRIVE<br>Perryville, MD 21903<br><br>Plaintiff,<br><br>v.<br><br>**JERSEY CITY TRANSFER, INC.**<br>2301 GARRY ROAD<br>Cinnaminson, NJ 08077<br><br>And<br><br>**PAUL DEPASS**<br>2 MARION CT<br>Belleville, NJ 07109<br><br>Defendants | Case No. _____ |

**COMPLAINT FOR MONEY DAMAGES
AND JURY DEMAND**

COMES NOW Plaintiff Angel May Rider ("Plaintiff"), and for her Complaint against Defendants Jersey City Transfer, Inc. and Paul DePass ("Defendant DePass") respectfully states as follows:

**INTRODUCTION**

1. This case arises out of a December 21, 2018 motor vehicle collision on Interstate 1-95 southbound in the State of Maryland, at which time Plaintiff was struck by a tractor trailer owned by Defendant Jersey City Transfer, Inc. and operated by employee Defendant DePass, resulting in severe personal injuries to Plaintiff.

## PARTIES

2. Plaintiff is an adult resident of Perryville, Maryland residing at 204 Concord Drive, Perryville, MD 21903.

3. Defendant Jersey City Transfers, Inc. is a New Jersey corporation with its principal place of business located at 2301 Garry Road Cinnaminson, NJ 08077.

4. Defendant DePass is an adult resident of Belleville, New Jersey residing at 2 Marion Ct. Belleville, NJ 07109.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

6. Venue in this Court is appropriate under 28 U.S.C. §1391 because all Defendants reside in and are citizens of the State of New Jersey.

## FACTS

7. On December 21, 2018, at approximately 3:40 a.m., Plaintiff, while operating her motor vehicle ("Vehicle 1"), took an on-ramp onto Interstate State 1-95 Southbound near the 107.0 mile-marker.

8. Shortly after taking the on-ramp, Plaintiff struck a disabled vehicle ("Vehicle 2") in her lane of travel near the 107.0 mile marker.

9. Unbeknownst to Plaintiff at the time of collision, Vehicle 2 had allegedly been struck by a hit and run vehicle.

10. Plaintiff was not seriously injured as a result of her collision with Vehicle 2.

11. Plaintiff's vehicle was disabled as a result of her collision with Vehicle 2.

12. After the collision with Vehicle 2, Plaintiff and the driver of Vehicle 2 exited their vehicles and went to the shoulder of the highway next to the guardrail.

13. Plaintiff placed an emergency call to 911 while standing on the shoulder of the highway next to the guardrail.

14. As Plaintiff was speaking to the 911 operator, she was struck by a tractor trailer operated by Defendant DePass.

15. Plaintiff's both legs were severed above the knee at the scene of the accident as a result of being struck by the tractor trailer operated by Defendant DePass.

16. Plaintiff was transported to Christiana Care Hospital and was admitted for an extended stay.

17. As a result of Plaintiff's injures, Plaintiff has undergone 15 surgeries, extensive physical therapy, home care assistance, and is confined to a wheelchair.

18. At all relevant times, Defendant DePass, was an employee and/or apparent agent of Defendant Jersey City Transfer, Inc., and was acting in the course and scope of his employment with Defendant Jersey City Transfer, Inc.

19. At all times relevant hereto, the tractor-trailer operated by Defendant DePass, was owned, operated, controlled, managed, inspected and maintained by Defendant Jersey City Transfer, Inc.

20. At all relevant times, Defendant DePass owed, undertook and/or assumed the duty to use reasonable, proper, adequate and appropriate care and measures to avoid harm to a foreseeable third parties, such as Plaintiff, which was breached by Defendant DePass.

21. Defendant DePass breached such duty of care and operated his/her vehicle in a negligent and careless manner by, *inter alia*, failing to properly maintain control of his

vehicle, failing to maintain a safe speed under the circumstances, and failing to pay full time and attention to the roadway.

22. As a direct result of the negligence, carelessness and recklessness of both Defendants, as set forth more fully below, both Defendants, individually, jointly and severally breached all their duties or care which increased risk of harm and which resulted in the severe injuries sustained by Plaintiff.

## COUNT I – NEGLIGENCE

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. The incident, severe injuries and damages described herein were caused by the carelessness, negligence, negligence per se, and recklessness of Defendant Jersey City Transfer, Inc., and Defendant DePass, individually, jointly and/or severally, by and/or through their agents, workmen, servants and/or employees, both generally and in the following particular respects:

  a. Failing to operate the vehicle with due care and with due regard for the safety of others;

  b. Failure to control speed;

  c. Failing to maintain a proper and adequate lookout;

  d. Failing to operate the vehicle with due care and due regard for the road conditions.

  e. Failing to properly observe and react to conditions existing at the time of the incident;

  f. Failing to brake and timely stop the vehicle;

  g. Failing to take other avoidance measures;

  h. Failing to remain attentive;

  i.  Failing to maintain a log book;

  j.  Failing to maintain an accurate log in accordance with 49 C.F.R. §395.8;

  k.  Driving in a state of low mental arousal and/or fatigue at the time of the incident in violation of 49 C.F.R. 392.3;

  l.  Failing to comply with applicable standards and recommended practices issued by the National Highway Traffic Administration, U.S. Department of Transportation, Federal Motor Carrier Regulations, the Vehicle Safety Commission, the American Standards Institute, the Society of Automotive Engineers and other generally recognized standards.

  m.  Failing to comply with New Jersey and Federal equipment standards.

  n.  Violating and failing to adhere to the applicable statutes, ordinances, rules, regulations and standards governing or relating to the operation of vehicles;

  o.  Failing to properly train Defendant DePass;

  p.  Failure to select and retain only competent tractor-trailer operators;

  q.  Failure to conduct a preliminary investigation or reasonable inquiry into the competence and fitness of its tractor trailer operations;

25. The foregoing carelessness, negligence and recklessness of both Defendants increased the risk of harm, and severe injuries and damages described herein, and was a substantial factor in causing those injures and damages.

WHEREFORE, Plaintiff hereby requests judgment all Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of pre-judgment interest, costs, and post-judgment interest.

## COUNT II – VICARIOUS LIABILITY

26. Paragraphs 23 through 25 are incorporated herein by reference.

27. All material times, Defendant Jersey City Transfer, Inc. employed Defendant DePass.

28. Defendant DePass was under Defendant Jersey City Transfer, Inc.'s, employ and control when he negligently struck Plaintiff with his vehicle.

29. Defendant DePass engaged in this conduct while acting in the course and scope of his employment with Defendant Jersey City Transfer, Inc., and therefore, Defendant Jersey City Transfer, Inc. is liable for the wrongful conduct of Defendant DePass under the law of vicarious liability, including the Doctrine of Respondeat Superior.

WHEREFORE, Plaintiff hereby requests judgment all Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of pre-judgment interest, costs, and post-judgment interest.

## DAMAGES

30. Paragraphs 26 through 29 are incorporated herein by reference.

31. As a direct and proximate result of the collision, Plaintiff suffered severe injury including, but not limited to, severing of both her legs above the knee, requiring her to undergo extensive medical treatment, including a painful course of physical therapy.

32. Plaintiff's injuries continue to cause her pain and have impacted all aspects of her life.

33. Plaintiff can no longer maintain her employment as a result of her injuries.

34. As a direct and proximate result of the collision, Plaintiff has required extensive medical treatment and has already incurred medical expenses in excess of five-hundred thousand dollars ($500,000.00).

35. As a further direct and proximate result of the collision, Plaintiff suffered severe and permanent injuries to her mind and body that limited, and will limit her usual activities.

36. As a further direct and proximate result of the collision, Plaintiff has suffered a past loss of earnings and an impairment of future earning capacity.

37. As a further direct and proximate result of the collision, Plaintiff has been caused to undergo, and will undergo in the future, physical and mental pain and suffering.

38. All of the foregoing injuries and damages were caused without any contributory negligence on the part of Plaintiff.

WHEREFORE, Plaintiff hereby requests judgment in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of pre-judgment interest, costs, and post-judgment interest.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each of the claims alleged herein, to the fullest extent permitted by law.

                                                Respectfully submitted,

                                                THE IGWE FIRM

March 6, 2019                                   /s/  Emeka Igwe
DATED                                           Emeka Igwe, ESQ.
                                                Attorney ID: 200334
                                                Attorney for Plaintiff
                                                1500 JFK Blvd, Suite 1900
                                                Philadelphia PA 19102
                                                Phone: 215-278-9898
                                                Fax: 215-893-3812
                                                Email:
                                                emeka@igwefirm.com

                                                *Counsel for Plaintiff*

## VERIFICATION

I, Emeka Igwe, Esq., am the attorney for the Plaintiff in the above-captioned matter. I hereby verify that to the best of my information, knowledge and belief, all the facts set forth in this Complaint in this action are true and accurate. I understand that any false statements are made subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsifications to authorities.

Date:

_____
EMEKA IGWE, ESQ.